IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORMAN IRVIN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Civil Action No. 2:09cv161-TMH |
| UNITED STATES PROBATION OFFICE | )              (WO) |
| FOR THE MIDDLE DISTRICT | ) |
| OF ALABAMA, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this *Bivens* action,[1] the plaintiff, Norman Irvin ("Irvin"), complains that his constitutional rights have been violated by the United States Probation Office for the Middle District of Alabama and other individuals named as defendants in this case. Specifically, Irvin alleges that he is being wrongfully denied a federal parole revocation hearing. Through his complaint, which was filed on February 23, 2009, Irvin seeks only injunctive relief. *See Complaint* (Doc. No. 1), ¶ 6. Specifically, he demands that the defendants "immediately act to provide him [a] revocation hearing, as over-due." *Id*. Upon consideration of the pleadings and other evidentiary matters filed in this case, the court concludes that Irvin's complaint is due to be dismissed because his claims are moot.

**DISCUSSION**

Irvin complains that he is being wrongfully denied a federal parole revocation hearing

---

[1] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

and requests, as relief, that the defendants be directed to immediately provide him with a revocation hearing. However, on May 27, 2009, after initiating this action, Irvin received a federal parole revocation hearing. *See Special Report* (Doc. No. 28) at p. 4. Thus, he has received the remedy he seeks in his complaint. His claim for injunctive relief is therefore moot. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Cotterall v. Paul*, 755 F.2d 777, 781 (11th Cir. 1985).

Because Irvin's only requested relief has been provided, "the effects of the alleged violation" have been "completely and irrevocably eradicated. *Davis, supra*, 440 U.S. at 631. The court therefore concludes that this case should be dismissed as moot.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED as moot.

It is further

ORDERED that on or before **August 11, 2009** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

      Done this 29th day of July, 2009.

                                  /s/Wallace Capel, Jr.
                              WALLACE CAPEL, JR.
                              UNITED STATES MAGISTRATE JUDGE